# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DONALD PERRY,**

       **Plaintiff,**

v.                                                                Case No:  6:18-cv-1205-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## MEMORANDUM OF DECISION

Donald Perry (Claimant) appeals the Commissioner of Social Security's final decision denying his application for disability benefits and supplemental security income. Doc. 1. Claimant argues that the Administrative Law Judge (ALJ) "was in error in failing to credit the Claimant's complaints of fatigue and/or failing to make it clear, the weight given to the Claimant's statements and the reason for that weight." Doc. 30. Claimant requests that the ALJ's decision be reversed or the Court remand for further consideration of Claimant's allegations of fatigue due to sleep deprivation. *Id*. For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

### I.    PROCEDURAL HISTORY.

This case stems from Claimant's application for a period of disability and disability insurance benefits and supplemental security income. Doc. 30 at 1. Claimant alleged a disability onset date of January 1, 2013. *Id*. The claims were denied initially and upon reconsideration. *Id*. A hearing was conducted and on May 23, 2017, the ALJ found that Claimant was not disabled and issued an unfavorable decision. *Id*.

## II. THE ALJ'S DECISION.

In the decision, the ALJ found that Claimant has the following severe impairments: diabetes mellitus; hypertension; hyperlipidemia; gastroesophageal reflux disease [GERD]; insomnia; obesity; depressive disorder; anxiety; and posttraumatic stress disorder [PTSD]. R. 21. The ALJ further found that Claimant does not have an impairment or combination of impairments that meets or medically equals any listed impairment. R. 22.

The ALJ found that Claimant has the RFC to perform less than the full range of light work as defined in 20 C.F.R. § 404.1567(b) and 20 C.F.R. § 416.967(b) with the following specific limitations:

> Claimant can lift, carry, push and/or pull twenty pounds occasionally and ten pounds frequently. The claimant can stand and walk for approximately six hours and can sit for approximately six hours in an eight-hour workday with normal breaks. The claimant can occasionally climb stairs, stoop, kneel, crouch, and crawl but should never climb ladders or scaffolds. The claimant must avoid exposure to vibration, unprotected heights, and hazardous machinery. The claimant can perform tasks that are simple, routine in nature and require only one to five steps learned in thirty days or less. The claimant can have no interaction with the general public unless it is merely superficial (meaning giving simple information back and forth) and only occasional interaction with coworkers.

R. 25.

The ALJ concluded that Claimant was unable to perform his past relevant work. R. 30. The ALJ determined that considering Claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy. R. 31. The ALJ ultimately found that Claimant "has not been under a disability, as defined in the Social Security Act, from January 1, 2013, through the date of this decision (20 CFR 404.1520(g) and 416.920(g))." R. 32.

### III. STANDARD OF REVIEW.

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards, and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotations omitted). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

### IV. ANALYSIS

Claimant raises one assignment of error in the Joint Motion. Doc. 30 at 15. Claimant argues that the ALJ "was in error for failing to credit the Claimant's complaints of fatigue and/or failing to make it clear, the weight given the Claimant's statements and the reason for that weight." Doc. 30 at 7. Claimant states that the focus must be on whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the individual's symptoms. *Id*. Claimant then cites to the hearing where he testified to being 5'11" tall and 300 pounds, that he has anxiety attacks two times per week, that some nights he gets 3 to 4 hours or 4

to 5 hours of sleep and needs to lie down two hours each day. *Id*. Claimant then points the Court to his medical records which he contends reflect the following:

- February 6, 2014, he complained of not receiving more than 4 hours of sleep at a time;
- March 17, 2014, he stated that his medication caused daytime drowsiness and that he was sleeping 4 to 5 hours;
- May 29, 2015, "treatment notes indicate that the Claimant was not sleeping well (3 to 4 hours);"
- June 17, 2015, he reported several sleepless nights per week;
- July 28, 2015, he stated that he had difficulty sleeping and woke up several times per night, and the "medical source stated that the claimant appeared exhausted with bags under his eyes;"
- August 3, 2015, Claimant reported that he was sleeping no more than 2 hours a night;
- January 5, 2016 and February 1, 2016, treatment notes state that he continued to struggle with sleep issues as evidenced by the dark circles under his eyes and his overall rundown appearance;
- August 12, 2016, "it was reported the Claimant sleeps 3 to 4 hours at night," and there was a "report of a diagnosis of obstructive sleep apnea;"
- September 9, 2016, the treatment notes showed that Claimant had feelings of fatigue and that obstructive sleep apnea was still being evaluated;
- August 8, 2016, treatment notes reflected that Claimant continued to struggle with sleep issues;
- August 17, 2016, treatment notes indicated that Claimant was sleeping 2 to 4 hours at a time; and
- September 30, 2016, treatment notes indicated that Claimant had poor hygiene and appeared unkempt.

*Id*. at 8-9.

Claimant states that this record shows that he does not sleep well at night as demonstrated by his appearance. Doc. 30 at 9. Claimant argues that the ALJ did not adequately consider his "sleep deprivation in arriving at the physical residual functional capacity assessment." *Id*. Claimant asserts that the decision did not consider the impact that his lack of sleep would have on his ability to function and did not address the impact it may have on his ability to concentrate on tasks. *Id*. Claimant opines that the "decision primarily focused on his mental illness, which in and of itself, without consideration the claim of sleep deprivation, might only impose moderate

limitations in concentration and social functioning." *Id*. Claimant states that "the [ALJ] decision did not explicitly reject [Claimant's] complaints regarding fatigue." *Id*. Claimant then states that "[e]ven if implicitly rejected in the [RFC] findings, there was no explanation why the complaints were rejected and the rejection was no supported by the substantial evidence." *Id*. In sum, Claimant argues that "[t]here is nothing in the record to contradict the [Claimant's] testimony regarding insomnia, lack of sleep and need to lie down about two hours a day." *Id*.

To the contrary, the Commissioner states that the substantial evidence supports the ALJ's evaluation of Claimant's subjective symptoms. *Id*. The Commissioner argues that the diagnosis does not establish limitations. *Id*. at 13. The Court agrees with the Commissioner and finds that Claimant is not entitled to relief.

A claimant may establish "disability through his own testimony of pain and other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). If the ALJ finds that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. § 404.1529(c)(1). If the ALJ decides to discredit the claimant's testimony, he or she must articulate specific and adequate reasons for doing so. *Foote*, 67 F.3d at 1561-62; *Jones v. Dep't of Health and Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991. Nevertheless, the Eleventh Circuit has stated that "[t]he question is not . . . whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 2011 U.S. App. LEXIS 5709, ** at 7 (11th Cir. 2011).

Here, the ALJ found Claimant's insomnia to be a severe impairment and that his medically determinable impairments could reasonably be expected to cause the alleged symptoms. R. 21,

27. However, the ALJ concluded that the Claimant's statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the evidence. R. 27. In coming to the RFC determination, the ALJ discussed Claimant's allegations of difficulty understanding, remembering, concentrating, finishing what he starts, and tolerating crowds. R. 25. With respect to Claimant's mental impairments in general, the ALJ noted that on February 6, 2014, he complained of sleep disturbance "of six months duration related to his firefighting experience when he began outpatient mental health treatment." R. 26. The ALJ recognized that during the medication management examination on July 28, 2015, Claimant appeared "exhausted, disheveled, anxious, irritable, and agitated with ruminating thoughts." R. 27. Again, the ALJ noted that on August 1, 2016, Claimant had a "disheveled presentation" during a psychological examination, and on February 27, 2017 and March 27, 2017, he appeared "unkempt." *Id*.

The ALJ then compared these complaints and observations regarding appearance to the record evidence reflecting that Claimant appeared alert, oriented, cooperative, and there was no evidence of thought disorder. R. 26-28. The ALJ noted that there were gaps in treatment, and he received conservative treatment for his impairments. R. 28. Moreover, the ALJ found that Claimant's own "admissions of daily mental activities (including driving, shopping, and being able to pay bills, count change, handle a savings account, and use a checkbook or money orders) preclude a finding of greater mental limitations than those contained above." R. 28.

With respect to Claimant's weight, the ALJ cited to Claimant's testimony regarding his weight gain and reaching 300 pounds. *Id*. The ALJ then evaluated the record and stated that while

Claimant's blood pressure was elevated, he found no evidence of deficits to his gait, strength, sensation, or reflex in the record. R. 28.[1]

Overall, the ALJ concluded that Claimant's subjective complaints were not entirely consistent with the objective medical evidence and other evidence in the record. R. 27-28. The Court finds that the ALJ provided specific and adequate reasons for his decision with regard to Claimant's impairments. The ALJ clearly took into consideration the issue of concentration and compared Claimant's subjective complaints, including fatigue and his resulting appearance, to the record and arrived at the RFC. While the decision did not discuss *all* of the citations to the record that reference Claimant's complaints of sleep deprivation, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Dyer*, 395 F.3d at 1210. The ALJ has provided a thorough explanation for his credibility determination, which is supported by substantial evidence, including the objective medical evidence, medical opinions, treatment history, subjective complaints, and his activities.

On that note, it was proper to consider Claimant's daily activities. Even though the list addresses "mental impairments" and did not specifically discuss insomnia, the tasks seem to relate to his ability to concentrate and function which Claimant contends is impacted by the insomnia. *See* Doc. 30 at 9. Inconsistencies between a claimant's testimony, medical evidence, and daily activities may provide a valid reason for an adverse credibility determination. *See Long v. Colvin*, 2015 WL 12850567, at *3 (M.D. Fla. 2015) (concluding that the claimant's lack of support in the medical evidence combined with inconsistencies in the claimant's statements regarding his limitations provided substantial evidence supporting the ALJ's credibility determination.).

---

[1] Even though Claimant does not challenge the ALJ's findings concerning Claimant's obesity, the Court provides this discussion because of his citation to his testimony that he is 5'11" tall and weighed 300 pounds. Doc. 30 at 7.

Importantly, Claimant does not identify how the RFC would change because of the evidence on sleep deprivation and his related disheveled appearance. Taking into consideration that the ALJ found Claimant's insomnia to be a severe impairment, a diagnosis does not establish limitations. "The mere existence of [] impairments does not reveal the extent to which they limit [the claimant's] ability to work or undermine the ALJ's determination in that regard." *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). The RFC limits Claimant to simple, routine tasks that require only one to five steps learned in thirty days or less. R. 25. Claimant does not explain how the evidence and his subjective complaints support a specific functional limitation beyond what is found in the RFC. *See Snell v. Comm'r Soc. Sec.*, 2013 U.S. Dist. LEXIS 185166, at *9 (M.D. Fla Dec. 6, 2013) (The ALJ's error must result in prejudice, such that had the ALJ done things differently, the RFC consideration, and ultimate disability decision, would be different.) (citing *James v. Astrue*, 2012 U.S. Dist. LEXIS 32312, at *6-7 (M.D. Fla. Mar. 12, 2012)).

Claimant's cursory statement that his sleep deprivation impacts his ability to sleep and "may" have an impact on his ability to concentrate does not demonstrate that these issues actually affect his ability to work nor does it address how the RFC determination fails to account for these issues. Accordingly, the Court finds that Claimant has not shown how his insomnia causes more limitations than what the ALJ assigned in the RFC assessment and, therefore, there is no error. The RFC is supported by the substantial evidence and Claimant is not entitled to relief.

V. **CONCLUSION**.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment for the Commissioner and against Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on August 5, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
The Court Requests that the Clerk
Mail or Deliver Copies of this order to:
The Edgardo Rodriguez-Quilichini
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3505 Lake Lynda Drive
Suite 300
Orlando, Florida 32817-9801